UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRESTIGE JEWELRY INTERNATIONAL, INC.,

        Plaintiff,

    v.

BK JEWELLERY HK, BK JEWELRY (N.Y.) INC., WING YEE GEMS & JEWELLERY LIMITED AND A.V. JEWELRY EXPORT-IMPORT, LTD.,

        Defendants.

---

11 Civ. 2930 (LBS)

MEMORANDUM & ORDER

SAND, J.

    Plaintiff Jewelry International, Inc. ("Prestige"), previously moved this Court, on March 12, 2012, for a stay pending the outcome of the United States Patent & Trademark Office ("USPTO")'s reexamination of the patent-in-suit, U.S. Design Patent No. 618,132 ("the Patent"), belonging to Defendant Wing Yee Gems & Jewellery Limited ("Wing Yee"). On March 27, 2011, this Court issued a Memorandum & Order ("M&O") denying Prestige's motion. Prestige Jewelry Int'l, Inc. v. BK Jewelry HK, No. 11 Civ. 2930, 2012 U.S. Dist. LEXIS 63850 (S.D.N.Y. Mar. 27, 2012).

    Prestige now moves for reconsideration of the M&O.[1] In the alternative, Prestige moves for a "limited stay of discovery along with expedited depositions of the inventors of"

---

[1] Prestige does not state outright that it moves for reconsideration. Rather, it again moves this Court for a stay pending USPTO reexamination. Pl.'s Mem. Supp. Renwed Mot. for Stay ("Prestige Memo") 1. This is identical to its previous motion. See Pl.'s Mem. Supp. Mot. Stay (Dkt. No. 24) 1-2. We thus construe the current motion as one for reconsideration.

1

the Patent. Pl.'s Mem. Supp. Renwed Mot. for Stay ("Prestige Memo") 1-2. For the reasons that follow, Prestige's motions are denied.

I. STANDARD OF REVIEW

Reconsideration of a previous order by the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation and internal quotation marks omitted). A motion for reconsideration is "not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided." Montanile v. NBC, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

To prevail, the movant must demonstrate "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). This is a strict standard. "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 256-257 (2d Cir. 1995).

II. DISCUSSION

    a.   Motion to Stay

2

Prestige argues, in essence, that changed circumstances justify a different outcome. When this Court entertained Prestige's first motion to stay, the USPTO had not yet granted Prestige's request for reexamination. Now it has. Prestige Memo 3. Prestige argues that the USPTO grant means that this Court should grant its request for a stay. We disagree.

"There are three factors a court should take into consideration when deciding whether to stay litigation pending a patent reexamination: (1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will unduly prejudice the nonmoving party." Rosco, Inc. v. Mirror Lite Co., No. 96 Civ. 5658, 2007 U.S. Dist. LEXIS 57222, at *5 (E.D.N.Y. Aug. 6, 2007) (citing Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006)). All three factors support a denial of Prestige's motion.

i. Simplification

We begin with the first factor, simplification of the issues. It goes without saying that a USPTO reexamination will simplify the issues in question, if only by informing this Court's determination of the validity of the Patent. When we first considered this question in March, however, we noted that regardless of the USPTO's determination, this Court would have to rule on the Patent's validity. M&O at *8. Prestige now argues that this Court was wrong on the law--that, in fact, a USPTO invalidation effectively ends the case. Prestige Memo 4-5. This is a surprising argument given that Prestige had previously conceded that because it is seeking an ex parte reexamination under 356 U.S.C. § 302 rather than an inter

3

partes reexamination under 35 U.S.C. § 315(c), the USPTO's ruling does not have stringent estoppel or res judicata effects binding on this Court. See M&O at *4-5; see also Pl.'s Reply Mem. Supp. Mot. Stay (Dkt. No. 32) 6.

Prestige was correct the first time round. The cases it cites in support of its new position are inapposite, since both concern motions to stay pending inter partes, not ex parte, reexamination. See Tomco Equip. Co. v. Sw. Agri-Systems, Inc., 542 F. Supp. 2d 1303, 1305 (N.D. Ga. 2008); eSoft, Inc. v. Blue Coat Systems, Inc., 505 F. Supp. 2d 784, 785 (D. Col. 2007). In Tomco and eSoft, then, a stay was warranted because the USPTO's ruling had binding effect on the district court, but not so here. For the reasons provided in the M&O, we conclude that factor (1) favors denying a stay.

### ii. Stage of the Proceedings

In our analysis of factor (2) in the M&O, we found that it "weigh[ed] in favor of a stay--but only marginally so." M&O at *8. As we noted in reaching that conclusion back in March, "courts in this circuit have denied a stay where discovery was rapidly approaching completion or where discovery was two months from completion." M&O at *7 (citations and internal quotation marks omitted). In March, discovery's end was approximately five months away. Discovery is now set to close in approximately six weeks, pursuant to yet another request for an extension by Prestige. See Endorsed Letter (Dkt. No. 50). We find that factor (2) weighs against a stay.

### iii. Prejudice to Wing Yee

"Prejudice as a factor for granting or denying a stay is to be considered on the basis of whether a stay would unduly

4

prejudice or present a clear tactical disadvantage to the nonmoving party." Rosco, 2007 U.S. Dist. LEXIS at *8 (E.D.N.Y. Aug. 6, 2007) (internal quotation marks, citation, and emphasis omitted). We found previously that, should it turn out that Prestige was the infringing party, a stay would "enable Prestige to continue to sell and wrongfully profit from its infringing jewelry [and] continue to solidify its relationships with infringing customers...based on the popularity of the infringing jewelry." M&O at *8-9.

Prestige now argues that "the possibility of continuing damages pending a stay does not constitute the type of prejudice necessary to deny a stay." Prestige Memo 5-6. Prestige is quite correct that "profits lost...can be compensated by damages," Perricone, 2002 U.S. Dist. LEXIS at *10, but Wing Yee does not only allege profits lost, it also alleges loss of goodwill in the form of lost customers. In New York, proving damages for loss of goodwill is particularly difficult. See Total Fabrics v. August Inc., 29 F.3d 778, 780-782 (2d Cir. 1994) (requiring objective proof of loss of goodwill, the amount of loss, and causality). The question, then, is whether Wing Yee should be forced to bear this burden. We think not. This is, after all, Prestige's case; Wing Yee is already sufficiently burdened defending itself.

Regardless, courts in this circuit have regularly found prejudice where a reexamination would prolong the litigation. See, e.g., Robbins v. H.H. Brown Shoe Co., No. 08 Civ. 6885, 2009 U.S. Dist. LEXIS 61910, at *3-4 (S.D.N.Y. June 30, 2009) (reexamination could take years). Given that reexamination was granted on May 14, 2012, see Prestige Memo 1, the USPTO is

unlikely to rule until late 2013 at the earliest. See <u>Xerox Corp. v. 3Com Corp.</u>, 69 F. Supp. 2d 404, 406 n.1 (W.D.N.Y. 1999) (excluding appeals, reexamination generally takes 19 months). Should this case proceed to trial, it may well be resolved by year's end. <u>See</u> Endorsed Letter (Dkt. No. 50) (setting discovery cut-off date for August 31, 2012).

We find that this factor, too, weighs in favor of denying a stay.

Having found that all factors favor denying a stay, Prestige's motion for reconsideration of this Court's M&O is denied.

    b.   <u>Motion for Limited Stay of Discovery</u>

Prestige's motion for a limited stay of discovery along with expedited depositions of the inventors of the Patent is denied. This is a "new theor[y] that [Prestige] failed to advance" previously, <u>Montanile</u>, 216 F. Supp. at 342, and this Court is not bound to consider it.

III. <u>CONCLUSION</u>

For the foregoing reasons, Prestige's motions are DENIED with prejudice. Prestige is hereby ordered to complete discovery by August 31, 2012. Any further frivolous delays will be construed as dilatory--and sanctionable--conduct.

SO ORDERED.

July ___13___, 2012
New York, NY

                                        _____
                                                      U.S.D.J.